Elvira G. CASTANO, Appellant,

v.

**FOREMOST COUNTY MUTUAL INSURANCE COMPANY,**
Appellee.

No. 04–00–00441–CV.

Court of Appeals of Texas, San Antonio.

Oct. 11, 2000.

Elvira G. Castano, Del Rio, pro se.

Thomas M. Fountain, Thomas M. Fountain & Associates, Houston, for appellee.

Sitting: ALMA L. LÓPEZ, Justice, CATHERINE STONE, Justice, PAUL W. GREEN, Justice.

## OPINION

PER CURIAM.

On April 5, 2000, the appellant, Elvira G. Castano, filed a notice of appeal to challenge a default judgment signed on March 3, 2000. Our initial review of the case indicated that the default judgment was interlocutory because it did not dispose of the claims against M. Marc Gonzalez, a person named as a defendant in the underlying petition for declaratory relief, and because no severance order appeared in the record. As a result, we issued a show cause order directing Castano to show cause in writing, by September 22, 2000, why this appeal should not be dismissed for lack of jurisdiction. On September 25, 2000, Castano responded with a motion asking us to dismiss her appeal.

Where the plaintiff's petition names multiple defendants as it does here, and the plaintiff obtains a no-answer default judgment against one of the defendants, the default judgment is interlocutory and cannot be appealed until the trial court either renders a final judgment in the case, or signs an order of severance making the interlocutory default judgment final. *See* MICHOL O'CONNOR, J., O'CONNOR'S TEXAS RULES ' CIVIL APPEALS § 2.2 (1998); *see also* TEX.R.CIV.P. 240; *$24,180.00 v. State*, 865 S.W.2d 181, 188 (Tex.App.—Corpus Christi 1993, writ denied). In this case, the clerk's record contains a motion to sever the plaintiff-appellee's claims against the appellant, and a request for a final judgment, but the record does not contain a signed order granting a severance. As a result, the default judgment is interlocutory, and we have no jurisdiction to consider an appeal. Thus, had Castano not asked us to dismiss the appeal, we would have dismissed the appeal for lack of jurisdiction. But because Castano has filed a motion to dismiss, we will grant her motion and dismiss the appeal. *See* TEX.R.APP.P. 42.1(a)(2).