**SHERATON HOMES, INC., Appellant,**

v.

**Russell and Andrea SHIPLEY, Appellee.**

No. 05–03–00807–CV.

Court of Appeals of Texas, Dallas.

June 28, 2004.

Lenda Ray Bush, Edgewood, for Appellant.

George Ivan Alexander, Greenville, for Appellee.

Before Justices MOSELEY, O'NEILL, and RICHTER.

## OPINION

Opinion by Justice MOSELEY.

Appellant Sheraton Homes, Inc. filed a motion for new trial after a default judgment had been entered against it. The trial court denied the motion after a hearing; Sheraton appeals and, in a single point of error, asserts the trial court erred in denying its motion because it satisfied the grounds for granting such a motion under *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939). Because the affidavits Sheraton filed in support of its amended motion for new trial contain only conclusory allegations as to whether Sheraton's failure to answer was not intentional or the result of conscious indifference, we conclude the trial court did not abuse its discretion in denying Sheraton's motion. We affirm.

## BACKGROUND

Appellees Russell and Andrea Shipley sued Sheraton and another company, Norwood Mortgage, Inc., alleging various causes of action arising from their purchase of a tract of land and a manufactured home. Sheraton was duly served with citation; its answer was due at 10:00 a.m. on February 24, 2003. Sheraton failed to answer, and the Shipleys obtained a default judgment at approximately 11:00 a.m. that day.

Sheraton filed a timely motion for new trial. On May 1, 2003, the trial court commenced a hearing on the motion. The trial court then recessed the hearing until the next day and, over the Shipleys' objection that any amended motion would be untimely, granted Sheraton until that time to file an amended motion. After Sheraton filed its amended motion, the trial court resumed the hearing and denied Sheraton's amended motion. The Shipleys nonsuited Norwood on May 16, 2003, rendering the default judgment against Sheraton final. Sheraton appealed.

### 1. Standard of Review

■ Whether to grant a motion for new trial is subject to the trial court's discretion, and the court's ruling will not be disturbed on appeal absent an abuse of that discretion. *See Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex.1984).

■ In its single point of error, Sheraton argues the trial court abused its discretion in denying the motion for new trial because Sheraton satisfied the standards

set forth in *Craddock.* Under *Craddock,* a default judgment should be set aside when: (1) the defendant establishes that its failure to answer before judgment was not intentional, or the result of conscious indifference on its part, but was due to a mistake or accident; (2) the motion for new trial sets up a meritorious defense; and (3) the motion is filed at a time when granting thereof will occasion no delay or otherwise work an injury on the plaintiff. *See Craddock,* 134 Tex. at 392–93, 133 S.W.2d at 125–26. Apparently the parties do not dispute whether Sheraton met the second and third elements under *Craddock;* the outcome of the case turns on whether Sheraton met its burden as to the first element.

Sheraton argues that its uncontroverted affidavits established that its failure to answer before judgment was not intentional, or the result of conscious indifference on its part, but was due to a mistake or accident. In contrast, the Shipleys argue Sheraton did not meet its burden to produce facts supporting this element of the *Craddock* test. The Shipleys rely on *Holt Atherton Industries, Inc. v. Heine,* which states conclusory allegations that no answer was filed due to accident and mistake are not sufficient. *Holt Atherton Indus., Inc. v. Heine,* 835 S.W.2d 80, 82–83 (Tex. 1992). Rather, there must be an explanation of the nature of the mistake. *Id.*

█ The affidavit attached to Sheraton's original motion omitted any factual averments relating to the first element. The Shipleys assert that Sheraton is not entitled to rely on the amended motion for new trial and its attached affidavits because the amended motion was untimely, and that the trial court erred in allowing Sheraton to file it. The Shipleys' argument is based on their assertion that Sheraton's amended motion was filed more than thirty days from the date of the default judgment. *See* Tex.R. Civ. P. 329b(a). We disagree.

A party may amend a motion for new trial within thirty days after the date the judgment is signed, if the trial court has not yet ruled on the earlier motion for new trial. Tex.R. Civ. P. 329b(b); *Moritz v. Preiss,* 121 S.W.3d 715, 720 (Tex.2003). Although the Shipleys had a default judgment against Sheraton, it did not become final until May 16, 2003, the date the trial court signed the nonsuit of the Shipleys' claims against the other defendant, Norwood. Therefore, Sheraton's amended motion for new trial (filed May 2, 2003) was timely, and we consider it and the affidavits attached to it in determining whether the trial court abused its discretion.

Two affidavits were submitted in support of Sheraton's amended motion. The affidavit of Pat Kennedy[1] states the following with respect to whether Sheraton's failure to answer before judgment was not intentional, or the result of conscious indifference on its part, but was due to a mistake or accident:

I fully intended to file an answer in this lawsuit. I made the effort to contact an attorney. I was not aware that he would be unable to represent me in this case. The papers mistakenly went to the office of Mr. Ed Walton. I was making a conscious effort to deal with this case.

After being served in this case, I attempted to retain an attorney that had handled some matters for me on previous occasions. I sent the papers to Mr. Ed Walton. I was unaware that his

---

1. The affidavit does not delineate Kennedy's position or role with respect to Sheraton, but describes her as the "movant" in the motion.

office had been closed down due to his being elected District Attorney of Kaufman County. When I became aware that he could not represent me, I requested that he help me locate an attorney to represent me in this matter. He put me in touch with Lenda R. Bush.

The affidavit of Sheraton's attorney of record, Lenda R. Bush, stated the following:

I was approached by Mr. Ed Walton on February 24, 2003 by Mr. Ed Walton in reference to handling a civil lawsuit. I advised him that I would. When I realized it was the answer date for the suit, I contacted Mr. Alexander, opposing counsel, to request a short extension to answer the lawsuit. I was advised by Mr. Alexander that the default judgment had been entered approximately one hour earlier. I requested that he agree to a Motion for a New Trial. He refused. I then timely filed a Motion for New Trial based on information received from Mrs. Kennedy.

The pleadings in this matter contain the reason that the answer was not timely filed. It clearly indicates that the Movant in this motion made a conscious effort to obtain an attorney. It further indicates that the papers mistakenly were forwarded to an office that was no longer operating.

Thus Sheraton asserted its failure to answer the suit was because of its mistaken reliance on the status of its initial choice of an attorney—Ed Walton. However, there are no other factual allegations mentioned in the record. No explanations were provided as to the nature of any mistake—what efforts were made to contact Walton; who sent the papers to Walton and when they were sent; why Kennedy was unaware that Walton could not represent Sheraton; or when and how Kennedy became aware that Walton could not represent Sheraton. Neither do the affidavits explain what efforts Kennedy made to contact and retain different counsel and when she made them (other than the statement that Kennedy asked Walton for help in locating an attorney). Instead, the affidavits in the record contain only conclusory allegations that Kennedy intended to retain an attorney who was no longer in private practice. *See Holt Atherton Industries, Inc.*, 835 S.W.2d at 82–83.

Therefore, the trial court could have concluded that Sheraton did not meet its burden of proving that its failure to answer was not intentional or due to conscious indifference. Thus the trial court did not abuse its discretion in denying Sheraton's motion for new trial. We affirm the trial court's judgment.