Simone Hotaling HOAG, Appellant,

v.

LEGACY TEXAS BANK, Appellee.

No. 05–10–00644–CV.

Court of Appeals of Texas, Dallas.

Nov. 30, 2010.

Rehearing Overruled Dec. 1, 2010.

William L. Wolf, Lindsey K. Griffin, William L. Wolf, P.C., Dallas, TX, for Appellant.

Scott Allen Shanes, Strasburger & Price, Frisco, TX, Jadd F. Masso, Strasburger & Price, LLP, Dallas, TX, for Appellee.

Before Justices RICHTER, LANG-MIERS, and MYERS.

## OPINION ON REHEARING

PER CURIAM.

The Court has before it appellant's motion for rehearing, filed on September 10, 2010. On the Court's own motion, we withdraw our opinion of August 25, 2010 on our own motion and vacate our judgment of that date. The following is now the opinion of the court.

The December 2009 default judgment against appellant that is the basis for the above appeal did not dispose of all claims pending in the underlying cause, and was therefore interlocutory. *See* TEX.R. CIV. P. 240; *Castano v. Foremost County Mut. Ins. Co.,* 31 S.W.3d 387, 388 (Tex.App.-San Antonio 2000, no pet.). The trial court ultimately severed the no-answer default into a separate cause, 05–10–01131–CV, thus rendering the judgment final and appealable. *See Castano,* 31 S.W.3d at 388. On November 10, 2010, this Court issued a per curiam opinion in 05–10–01131–CV granting Texas Legacy Bank's September 24, 2010 amended motion to vacate judgment and remand. We vacated the trial court's judgment in that case without reference to the merits, and remanded the case to the trial court. *See Simone Hotaling Hoag v. Legacy Texas Bank,* No. 05–10–01131–CV, 2010 WL 4485983, at *1 (Tex.App.-Dallas Nov. 10, 2010, no pet. h.) (mem.op.).

Because we lack jurisdiction over the interlocutory order that is the subject of this appeal, we **DISMISS** this appeal for lack of jurisdiction. *See* TEX.R.APP. P. 42.3(a).