# NO. 12-12-00149-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *JOSE B. DE LA CERDA,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

In this original proceeding, Relator Jose B. De La Cerda, appearing pro se, requests a writ of mandamus requiring Respondent, the Honorable Deborah Oakes Evans, Judge of the 87th Judicial District Court of Anderson County, Texas, to vacate her rulings on several motions filed by Relator. We deny the petition.

### BACKGROUND

Relator is an inmate of the Texas Department of Criminal Justice Beto Unit at Tennessee Colony, Texas. He filed the underlying lawsuit seeking damages relating to a typewriter he purchased that, according to Relator, ceased to function sixty-one days after its purchase. Two of the defendants he named were guards at the Beto Unit who Relator alleged wrongfully appropriated his typewriter. Neither guard filed an answer to Relator's lawsuit.

This proceeding arises out of Relator's efforts to conduct discovery and to obtain a default judgment and severance of his claims against the defendant guards. Initially, Relator filed a petition for writ of mandamus in this court complaining that Respondent had failed to rule on his motions for discovery, default judgment, and severance. We requested a response and were provided documentation showing that Respondent had denied Relator's motions. In this proceeding, Relator asserts that Respondent abused her discretion by denying the motions and that mandamus is his only adequate remedy.

A writ of mandamus will issue to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *Walker*, 827 S.W.2d at 839-40. The relator has the burden to establish an abuse of discretion as well as the inadequacy of appeal as a remedy. *Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 305 (Tex. 1994) (orig. proceeding); *In re E. Tex. Med. Ctr. Athens*, 154 S.W.3d 933, 935 (Tex. App.–Tyler 2005, orig. proceeding).

## AVAILABILITY OF MANDAMUS

Relator complains that Respondent has abused her discretion in denying (1) his motion for discovery, (2) the damages portion of his motion for default judgment against the two Beto guards, and (3) his motion for severance of his claims against the guards. Respondent did not state the reasons for her rulings.

### 1.      Motion for Discovery

Texas Rule of Civil Procedure 194.2 identifies certain information that must be provided to a party who serves another party with a request for disclosure. The responding party must serve a written response on the requesting party, subject to certain exceptions not applicable here, within thirty days after service of the request. *See* TEX. R. CIV. P. 194.3. Texas Rules of Civil Procedure 21 and 21a establish the general requirement for service and the permissible methods of service. A certificate by a party or attorney of record showing service of a notice constitutes prima facie evidence of the fact of service. TEX. R. CIV. P. 21a.

The record in this proceeding includes a copy of Relator's "Discovery Request," by which he sought disclosure of information from another party under Rule 194. His request includes a certificate of service, which shows that "a true and correct copy of the foregoing DISCOVERY REQUEST has been forwarded via U.S. mail to Ms. Janice Staples, District Clerk, Anderson County[.] . . ."

Rule 194 specifically states that disclosure may be obtained "by serving the other party" with the request. TEX. R. CIV. P. 194.1. Because Relator's "Discovery Request" does not show that he served the party from whom he sought disclosure, Respondent did not abuse her discretion in denying the "Motion for Discovery."

### 2. Motions for Default Judgment and Severance

A default judgment may be taken at any time after the defendant is required to answer, provided the return of service has been on file with the clerk of the court ten days, exclusive of the day of filing and the day of judgment. TEX. R. CIV. P. 107, 239. Once a default judgment is taken on an unliquidated claim, all allegations of fact set forth in the plaintiff's petition are deemed admitted, except the amount of damages. *Holt Atherton Indus. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992). A claim is unliquidated if it is not proved by a written instrument such that the amount of damages can be accurately calculated by the trial court from the instrument and the factual allegations in the plaintiff's petition. *Kao Holdings, L.P. v. Young*, 214 S.W.3d 504, 507 (Tex. App.–Houston [14th Dist.] 2006, *modified on other grounds and affirmed*, 261 S.W.3d 60 (Tex. 2008).

Here, Relator's claims are unliquidated. Consequently, Respondent was required to hear evidence of damages and render judgment according to the evidence. *See* TEX. R. CIV. P. 243. Along with his motion for default judgment, Relator filed an affidavit in which he presented information about the damages he sought from the defendant guards. Relator also asserted that Respondent could consider the affidavit as evidence of damages without a formal hearing and asked that she do so. *See Tex. Commerce Bank v. New*, 3 S.W.3d 515, 516-17 (Tex. 1999) (per curiam). Respondent complied. After reviewing the motion and accompanying affidavit, Respondent granted default judgment against the defendant guards on liability but denied Respondent's request for damages.

### Damages

In determining whether appeal is an adequate remedy, we are advised that "adequate" has no comprehensive definition. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. Instead, "it is simply a proxy for the careful balance of jurisprudential considerations that determine when appellate courts will use original mandamus proceedings to review the actions of lowers courts." *Id*. We are mindful of the detriments associated with mandamus review of incidental, interlocutory rulings by the trial courts. *See id*. We also understand the benefits associated with

mandamus review of significant rulings in exceptional cases. *See id*. One such benefit is the preservation of important substantive and procedural rights from impairment or loss. ***Id***. An appellate remedy is "adequate" when any benefits to mandamus review are outweighed by the detriments. ***Id***.

Relator alleged in the trial court that if he is not allowed to immediately appeal Respondent's ruling on damages, his "right to recover and collect for damages will be substantially impaired following default judgment." He also alleged that the defendant guards "have continuously demonstrated a great deal of indifference toward their legal obligations even after repeated warnings and legal notice. Thus, if allowed to remain defying sover [sic] proceedings, it will prejudice Plaintiff's ability to protect his rights." However, Relator did not explain to the trial court, nor does he explain in this proceeding, what rights would be impaired or the nature of the contemplated impairment. Nor does he address whether an immediate appeal is the only means by which his rights can be protected. Thus, Relator has not shown that the benefits of mandamus outweigh the detriments and, consequently, has not shown that appeal is an inadequate remedy if Respondent's denial of damages constitutes an abuse of discretion.

As we have stated previously, to be entitled to mandamus relief, Relator must show an abuse of discretion by the trial court and the inadequacy of appeal as a remedy. Relator has not shown that appeal is an inadequate remedy. Accordingly, he has not satisfied one of the two prerequisites for mandamus relating to Respondent's ruling on damages. Therefore, we need not address whether Respondent's ruling constitutes an abuse of discretion. *See* TEX. R. APP. P. 47.1.

## Severance

When a default judgment is granted, the trial court's ruling on damages is reviewable by appeal. *See **New***, 3 S.W.3d at 515 (reviewing trial court's award of unliquidated damages against defaulting defendants based on affidavit testimony). Where, as here, the plaintiff's petition names multiple defendants, and the plaintiff obtains a no answer default judgment against one or more of the defendants, the default judgment is interlocutory and cannot be appealed until the trial court either renders a final judgment in the case, or signs an order of severance making the interlocutory default judgment final. *See* TEX. R. CIV. P. 240; ***Lehmann v. Har-Con Corp.***, 39 S.W.3d 191, 195 (Tex. 2001); ***Castano v. Foremost Cnty. Mut. Ins. Co.***, 31 S.W.3d 387, 388 (Tex. App.–San Antonio 2000, no pet.). For this reason, Relator urges that Respondent's denial of his motion to sever is an abuse of discretion.

4

Initially, we point out that, as a general rule, the trial court is vested with broad discretion in determining whether a severance should be granted. TEX. R. CIV. P. 41; *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990). Relator cites no authority, and we have found none, that eliminates the trial court's discretion when an interlocutory default judgment is granted. Nor are we aware of any authority for the proposition that a trial court abuses its discretion by its denial of a motion to sever claims resolved by an interlocutory default judgment. Moreover, Relator has not shown that Respondent's denial of his motion to sever was arbitrary or unreasonable. *See Walker*, 827 S.W.2d at 839-40. Therefore, we cannot say that Respondent abused her discretion in denying Relator's motion to sever. *See Marshall*, 764 S.W.2d at 34 (mandamus denied where no authority required severance of interlocutory summary judgment severance to expedite relator's appeal and relator did not show denial was arbitrary or unreasonable).

## CONCLUSION

Relator has not shown that Respondent abused her discretion in denying Relator's motion for discovery or his motion for severance. Further, he has not shown that the inadequacy of his appellate remedy for reviewing Respondent's denial of his request for damages. Therefore, Relator has failed to establish that he is entitled to mandamus relief. Accordingly, his petition for writ of mandamus is ***denied***.

**BRIAN HOYLE**
Justice

Opinion delivered February 6, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 6, 2013**

**NO. 12-12-00028-CR**

**JOSE B. DE LA CERDA,**
Relator
v.
**HON.DEBORAH OAKES EVANS**,
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by **JOSE B. DE LA CERDA**, who is the relator in Cause No.87-10353, pending on the docket of the 87th Judicial District Court of Anderson County, Texas. Said petition for writ of mandamus having been filed herein on April 20, 2012, and the same having been duly considered, because it is the opinion of this Court that a writ of mandamus should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **DENIED**.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*