**Opinion issued August 15, 2013**



**In The**

# Court of Appeals

**For The**

# First District of Texas

—————————————

**NO. 01-12-00127-CV**

—————————————

**ROLANDA HULLABY, Appellant**

**V.**

**DORJOYRE WATERS, Appellee**

---

**On Appeal from County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Case No. 990463**

---

## MEMORANDUM OPINION

Rolanda Hullaby appeals a no-answer default judgment awarding $100,000

in damages to Dorjoyre Waters for injuries sustained in an automobile collision. In

two issues, Hullaby contends that (1) there was legally and factually insufficient

evidence to support both the finding of liability and the amount of unliquidated damages, and (2) alternatively, this Court is without jurisdiction over her appeal because the default judgment rendered against her was not final because it did not dispose of Waters' claims against an unserved defendant.

We dismiss for want of jurisdiction.

## Background

This case arises from a multi-vehicle automobile accident in Houston, Harris County, Texas. According to the accident report, seven vehicles—including Waters'—were stopped at a traffic light when sixteen-year old Daveone Jerome Lewis drove up behind them in a Ford Expedition owned by Hullaby. Lewis' vehicle struck the right rear corner of one vehicle, pushing that vehicle into the three other vehicles stopped in front of it at the light. Lewis' vehicle then struck the left rear corner of Waters' vehicle, side-swiped two more vehicles, and finally struck the right rear corner of another vehicle, pushing that vehicle into the vehicle in front of it. All in all, Lewis' vehicle traveled nearly 200 feet "with four direction changes after striking five vehicles." Lewis was charged with failing to control his speed.

Waters sued Lewis for negligence and Hullaby for negligent entrustment. Hullaby was served with citation on May 10, 2011. No request for service of citation was ever made with respect to Lewis. Waters moved for a default

2

judgment against Hullaby after she failed to timely file an answer in the case. After an uncontested hearing to establish the amount of Waters' unliquidated damages, the trial court signed a "final" default judgment against Hullaby awarding Waters $100,000 in damages. Hullaby filed a timely motion for new trial which the trial court denied. This appeal followed.

A default judgment is entered without a conventional trial on the merits and, therefore, carries no presumption of finality. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 199–200 (Tex. 2001). A default judgment is not final for purposes of appeal "unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Id.* at 205. An order that disposes of claims against one defendant does not adjudicate claims against other parties. *Id.* Furthermore, the inclusion of a Mother Hubbard clause (e.g., "all relief not granted is denied") is not a conclusive indication that a judgment is final for purposes of appeal. *Id.* at 203–04. If the record reveals the existence of parties or claims not mentioned in the judgment, the judgment is not final, even if it is entitled a "final" judgment. *See id.* at 205–06.

With respect to default judgments in cases involving multiple defendants, the Texas Rules of Civil Procedure expressly provide that an interlocutory judgment by default may be entered against a defendant who is in default, even if the remaining defendants have not been properly served. *See* TEX. R. CIV. P. 240;

3

*see also Castano v. Foremost Cnty. Mut. Ins. Co.*, 31 S.W.3d 387, 388 (Tex. App.—San Antonio 2000, no pet.) (per curiam); *Dillard v. Leonard*, 801 S.W.2d 23, 25 (Tex. App.—San Antonio 1990, no writ) (en banc); *Reed v. Gum Keepsake Diamond Ctr.*, 657 S.W.2d 524, 525 (Tex. App.—Corpus Christi 1983, no writ); *Dickerson v. Mack Fin. Corp.*, 452 S.W.2d 552, 555 (Tex. App.—Houston [1st Dist.] 1969, writ ref'd n.r.e.). In such cases, an interlocutory default judgment will become final when the plaintiff voluntarily dismisses any claims against the remaining unserved defendants or the trial court severs such claims into a new cause number. *See Hampton–Vaughan Funeral Home v. Briscoe*, 327 S.W.3d 743, 746 (Tex. App.—Fort Worth 2010, no pet.) (holding no-answer default judgment against one defendant was interlocutory until plaintiff nonsuited claims against two unserved defendants); *see also Clarendon Nat'l Ins. Co. v. Thompson*, 199 S.W.3d 482, 492 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Sheraton Homes, Inc. v. Shipley*, 137 S.W.3d 379, 381 (Tex. App.—Dallas 2004, no pet.).

In this case, the default judgment against Hullaby, which is entitled a "final" judgment and includes a Mother Hubbard clause, never mentions Lewis, the other named defendant. The clerk's record indicates that Waters never voluntarily dismissed her claims against Lewis, or filed a motion to sever her claims against Lewis. As a result, the default judgment is interlocutory, and we have no jurisdiction to consider an appeal.

4

## Conclusion

We dismiss for want of jurisdiction.


Jim Sharp
Justice


Panel consists of Chief Justice Radack and Justices Sharp and Massengale.

5