**J. Robert NEAL et al., Appellants,**

v.

**G. Phil ROBERTS, Appellee.**

**No. 15508.**

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Sept. 18, 1969.

John A. Croom, Houston, for appellants.

Harris, Davant & Fewell, Vernon E. Fewell, Houston, for appellee.

PEDEN, Justice.

Default judgment was rendered in favor of G. Phil Roberts, a geologist, against J. Robert Neal and William Kent in a suit on a written agreement for the balance allegedly due for Roberts' services performed in Jackson County, Texas, and for certain expenses plus attorney's fees.

Although Kent did not file an answer, defendants raise no question as to his having been properly served individually with citation, but they assert that the judgment should be reversed as to both defendants because no valid service of citation was ever obtained on Neal, he did not enter an appearance in the cause before judgment and the judgment was not interlocutory.

The return on the citation states that service was obtained on Defendant Neal "by serv*ice* his agent & attorney in fact Mr. William Kent". The record shows that attached to Roberts' petition was a copy of a power of attorney executed by Neal in favor of Kent. Its authenticity is now acknowledged by the defendants' counsel. It contains these provisions:

"That J. Robert Neal of Houston, County of Harris and State of Texas has this day Made, Constituted and Appointed and by these presents do Make, Constitute and Appoint William Kent of Houston, in the County of Harris and State of Texas, my true and lawful At-

**60**

torney for me and in my name, place and stead, to make and enter into contracts, agreements and conveyances and other actions of any nature whatsoever and under any terms, conditions and provisions, as my said Attorney may decide, with reference to any fee, oil, gas and mineral rights, titles and interests involving and incidental to and in and under any State of Texas tracts or lands in Carancahua Bay, Jackson County, Texas, and in any lands located in the David Wilmans (Abstract 269) and George Trapnell Surveys, Jackson County, Texas.

" * * *

hereby giving and granting to said Attorney full power and authority to do and perform any and all acts and things whatsoever requisite and necessary to be done in and about the premises, as fully to all intents and purposes, as I might or could do if personally present, with full power of substitution and revocation, hereby ratifying and confirming all that said Attorney shall lawfully do in the premises by virtue hereof."

It is plaintiff's position that either by reason of this power of attorney alone or aided by the provisions of Art. 2033b, Vernon's Ann.Civil Statutes, proper service of citation was had on Defendant Neal by service on Defendant Kent as Neal's agent and attorney in fact.

■ We hold that the record does not show valid service of citation on Neal.

The power of attorney, unaided by the provisions of Art. 2033b, does not authorize service of citation on Neal by service on Kent as Neal's attorney in fact. In that instrument Neal grants Kent authority to act in his behalf in certain respects, but there is nothing in the record suggesting that Kent acted to accept service of citation on behalf of Neal, and there is nothing in the instrument which could constitute waiver by Neal of his right that he not be required to defend any suit brought in the courts of this state until legally served with

citation in compliance with our statutes and Rules of Civil Procedure.

As to the applicability of Article 2033b, V.C.S., the uncontradicted allegations in plaintiff's petition are that Neal resides in Harris County, Texas, and his agent, Kent, was also located in Harris County, so the only provision of Art. 2033b on which the plaintiff could possibly rely requires that the officer who sought to serve process on the principal shall have first returned the process unexecuted and have certified "in such return that after diligent search and inquiry a principal cannot be found and served"; this certification must have been made before service of citation on the agent or clerk constitutes service on the principal. No such certification by the officer is found in the return, the record does not show valid service of process on Neal under any other provision of our statutes or rules, and we make no inferences of jurisdiction.

■ Although the judgment in this case recites that defendants (appellants) were duly, legally and regularly cited according to law, the matter before us is a direct attack on a default judgment with respect to the jurisdictional facts, so no presumptions will be made in support of the judgment. Jurisdiction in this type of case must affirmatively appear on the face of the record. McKanna v. Edgar, 388 S.W. 2d 927 (Tex.Sup.1965).

■ Under Rule 240, T.R.C.P., the only judgment that could have been properly rendered against Defendant Kent was an interlocutory judgment since his co-defendant Neal 1) was not legally served with citation, 2) did not enter an appearance and 3) was not dismissed from the suit. Sindorf v. Cen-Tex Supply Co., 172 S.W.2d 775 (El Paso Tex.Civ.App.1943, no writ).

It will be necessary that this case be remanded to the trial court. In the event of a trial on the merits it will be noted that the exhibits attached to plaintiff's petition show that Kent signed the agreements only as Neal's agent. He would not ordinarily be

held personally liable in the absence of any showing that he either expressly or impliedly assumed such liability, and plaintiff's petition does not allege any exception to this general rule. We also suggest that neither defendant would be liable for an attorney's fee on that part of the contractual obligation, if any is found to exist, to reimburse the plaintiff for his expenses.

Neal has now appeared to attack the judgment. Rule 123, T.R.C.P., provides that he shall be presumed to have entered his appearance to the term of court at which the mandate shall be filed.

The only point raised by defendants which we have not passed on will not arise if this suit is tried on the merits.

Reversed and remanded.

BELL, C. J., not participating.