Gary **REED** d/b/a Design Council, Appellant,

v.

**GUM KEEPSAKE DIAMOND CENTER, Appellee.**

No. 13-82-388-CV.

Court of Appeals of Texas, Corpus Christi.

Sept. 8, 1983.

Robert C. Cheshire, Victoria, for appellant.

Danny J. Gumm, Victoria, for appellee.

Before BISSETT, YOUNG and KENNEDY, JJ.

## OPINION

BISSETT, Justice.

The first issue to be determined in this appeal is whether the judgment as to the appellant, Gary Reed d/b/a Design Council, is void because of the failure to serve his co-defendant with citation.

Suit was brought by Frank M. Hall & Co., plaintiff, against Gum Keepsake Diamond Center, defendant, to recover money owed for labor and materials furnished for construction of a store pursuant to a contract and change order between Frank M. Hall & Co. and Gum Keepsake Diamond Center. The latter filed a third-party action against C.P. & Associates d/b/a Victoria Joint Venture (C.P. & Associates) and Gary Reed d/b/a Design Council (Reed), third-party defendants, for contribution and indemnity.

Trial was to the court sitting without a jury. The trial court ordered separate trials. Plaintiff's case against defendant was tried on February 17, 1982, and defendant's Third-Party Action was tried on April 15, 1982. Judgment was rendered for plaintiff against defendant, and default judgment was rendered for defendant against C.P. & Associates and Reed. Separate judgments were rendered and both were signed on April 15, 1982. The judgment against C.P. & Associates and Reed was joint and several. C.P. & Associates did not appeal. In his first point of error, Reed contends that the trial court erred in rendering a final judgment in favor of Gum Keepsake Diamond Center and against him and C.P. & Associates, his co-third party defendant, because there was no service of citation upon the latter, and it did not file a waiver of service or make an appearance in the case.

The transcript shows that Gum Keepsake Diamond Center filed its Third Party Action against C.P. & Associates and appellant on October 30, 1981. Citation was issued to Reed on the same date and was served on him on December 2, 1981. The return was filed on February 17, 1982. The transcript does not show that citation was ever issued to C.P. & Associates, nor does it show that C.P. & Associates waived service of process, filed an answer or made any appearance in the case. Reed had not filed an answer at the time the default judgment was entered against him and C.P. & Associates.

Tex.R.Civ.P. 240 (1976) provides:

"Where there are several defendants, some of whom have answered or have not been duly served and some of whom have been duly served and have made default, an interlocutory judgment by default may be entered against those who have made default, and the cause may proceed or be postponed as to the others."

◼ In an attack on a judgment, if a court having potential jurisdiction renders a judgment when its potential jurisdiction has not been activated, and the defect is apparent from the record, then the judgment is void, *Fulton v. Finch,* 162 Tex. 351, 346 S.W.2d 823 (1961). Further, in a direct attack on a judgment, as is the case in this appeal, the record must show strict compliance with jurisdictional requirements, and no presumptions are indulged in favor of such requirements. *McKanna v. Edgar,* 388 S.W.2d 927, 929 (Tex.1965).

◼ Under Tex.R.Civ.P. 240, the only judgment that could have been properly rendered against Reed was an interlocutory judgment since C.P. & Associates, his co-third party defendant was not served with citation, did not waive the issuance and service of process, did not make an appearance in the case and was not dismissed from the suit. The final judgment which was rendered against Reed is fundamentally erroneous and must be reversed. *Sindorf v. Cen-Tex Supply Co.,* 172 S.W.2d 775 (Tex. Civ.App.—El Paso 1943, no writ); *Neal v. Roberts,* 445 S.W.2d 58 (Tex.Civ.App.— Houston [1st Dist.] 1969, no writ). Reed's first point of error is sustained.

The judgment of the trial court is REVERSED and the cause is REMANDED.