**Christopher LYTLE & Trailwood Investments, L.L.C.,**
**Appellants**

v.

**Thomas CUNNINGHAM, Appellee.**

No. 05–07–00250–CV.

Court of Appeals of Texas, Dallas.

Aug. 19, 2008.

Gary L. Rowan, Attorney At Law, Arlington, TX, for Appellant.

John Ivie, Stromberg & Associates, Dallas, TX, for Appellee.

Before Justices MOSELEY, BRIDGES, and LANG–MIERS.

## OPINION

Opinion by Justice MOSELEY.

This is a restricted appeal from a default judgment against Christopher Lytle and Trailwood Investments, L.L.C. *See* TEX. R.APP. P. 30. Thomas Cunningham sued Lytle and Trailwood asserting claims including common law fraud[1] arising from the alleged failure of a joint real estate venture in which Lytle solicited Cunningham's participation. Citations were issued. Lytle and Trailwood did not answer. Cunningham filed a motion for judgment by default as to liability, supported by his affidavit, which the trial court granted. The trial court heard evidence as to damages and signed a final judgment by default on September 5, 2006. In the judgment, the trial court ordered that Lytle and Trailwood were jointly and severally liable to Cunningham for damages "caused by Defendants' fraudulent conduct" and that Cunningham recover from Lytle and Trailwood, jointly and severally, $186,000 in actual damages and $600,000 in exemplary damages "for Defendants' fraudulent conduct," costs, and postjudgment interest. Lytle and Trailwood say in their brief they became aware of the judgment after they received notice of Cunningham's December 2006 motion for turnover and appointment of receiver.

Lytle and Trailwood filed a notice of restricted appeal on March 2, 2007. In five issues, they contend the trial court erred in entering judgment against them. For the reasons that follow, we vacate the trial court's final judgment by default and remand this cause to the trial court for further proceedings.

## I. STANDARD OF REVIEW

A restricted appeal: (1) must be brought within six months of the date of judgment; (2) by a party to the suit who did not participate in the trial; and (3) the error complained of must be apparent on the face of the record. TEX. RS.APP. P. 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex.2004); *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex.1997) (per curiam); *Westcliffe, Inc. v. Bear Creek Constr., Ltd.*, 105 S.W.3d 286, 289 (Tex. App.-Dallas 2003, no pet.). The only issue in this appeal is whether there is error apparent on the face of the record. For purposes of restricted appeal review, the face of the record consists of all the papers on file in the appeal, including the reporter's record. *Norman Commc'ns*, 955 S.W.2d at 270; *Thomas v. Martinez*, 217 S.W.3d 680, 683 (Tex.App.-Dallas 2007, pet. struck).

## II. RETURN OF CITATION

In their first issue, Lytle and Trailwood contend the trial court erred in entering judgment against Trailwood because the return of citation did not strictly comply with the requirements of law by serving the citation as directed. Specifically, they argue there is error on the face

---

1. The other claims were breach of contract; conversion; violation of the Texas Deceptive Trade Practices Act; breach of fiduciary duty; statutory fraud; negligence and negligence per se; and negligent misrepresentation. Cunningham requested actual damages; exemplary damages, or, in the alternative, treble actual damages for breach of the Texas Deceptive Trade Practices Act; fee forfeiture; profit disgorgement; pre- and postjudgment interest; and costs of court.

of the record as to Trailwood because the citation to Trailwood was issued by serving Trailwood's registered agent, "Mr. Chris Lytle," but the return says it was executed by delivery to "Christopher Lytle."

## A. Applicable Law

There are no presumptions in favor of proper issuance, service, and return of citation. *Fid. & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 573 (Tex. 2006) (per curiam); *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex.1994) (per curiam); *Westcliffe, Inc.*, 105 S.W.3d at 290. If the record fails to affirmatively show strict compliance with the rules of civil procedure governing issuance, service, and return of citation, attempted service of process is invalid and of no effect. *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex.1985) (per curiam); *Westcliffe, Inc.*, 105 S.W.3d at 290; *Harrison v. Dallas Court Reporting Coll., Inc.*, 589 S.W.2d 813, 816 (Tex.Civ.App.-Dallas 1979, no writ). When the attempted service of process is invalid, the trial court acquires no personal jurisdiction over the defendant, and the default judgment is void. *Westcliffe, Inc.*, 105 S.W.3d at 290. If proper service is not affirmatively shown, there is error on the face of the record. *Id.*

In *Fidelity & Guaranty Insurance Co.*, 186 S.W.3d at 573, the supreme court explained that there are no presumptions supporting the judgment because they can neither be confirmed nor rebutted by evidence in an appellate court. As an example, the court offered the following: "[I]f the petition says the registered agent for service is 'Henry Bunting, Jr.' but the citation and return reflect service on 'Henry Bunting,' an appellate court cannot tell whether those persons are different or the same." *Id.* (citing *Uvalde Country Club*, 690 S.W.2d at 885).

## B. Discussion

Cunningham's petition alleged that Trailwood could be served "by serving its registered agent Mr. Chris Lytle...." Likewise, the citation is addressed "To: TRAILWOOD INVESTMENTS, L.L.C. BY SERVING ITS REGISTERED AGENT–MR CHRIS LYTLE." However the service return affidavit says the citation was executed by delivering it to "TRAILWOOD INVESTMENTS, LLC by delivering to CHRISTOPHER LYTLE its registered agent." Like the example in *Fidelity and Guaranty Ins. Co., id.*, we cannot tell whether "Mr. Chris Lytle" and "Christopher Lytle" are different persons or the same person.

Cunningham directs our attention to *Stephenson v. Corporate Services, Inc.*, 650 S.W.2d 181, 184 (Tex.App.-Tyler 1983, writ ref'd n.r.e.), in which the court concluded service was not fatally defective even though the citation directed service by serving Jim Stephenson, and the return showed process was delivered to James Stephenson. However, we are guided by the supreme court's holding in *Fidelity Guaranty*, 186 S.W.3d at 573, cited above, and reach a different conclusion. Nor can we agree with Cunningham that the difference between "Chris" and "Christopher" constitutes a "slight variance" such as omission of a middle initial on a return, *see Westcliffe, Inc.*, 105 S.W.3d at 290 ("Charles D. Johnson" listed as registered agent in petition and on citation, but return reflects service on "Charles Johnson"), or the omission of the corporate designation "Inc." and an accent mark from the name of the corporate defendant and the substitution of "@" for "at." *See Ortiz v. Avante Villa at Corpus Christi, Inc.*, 926 S.W.2d 608, 612–13 (Tex.App.-Corpus Christi 1996, writ denied) (per curiam).

We also reject Cunningham's argument that we may consider the fact that Lytle interchanges "Chris" and "Christopher" as indicated on the Articles of Organization for another business entity and on the affidavit of supersedeas in this case. Although we review the entire record for *error* on the face of the record, we do not review the entire record to determine proper service. *See All Commercial Floors, Inc. v. Barton & Rasor,* 97 S.W.3d 723, 726 (Tex.App.-Fort Worth 2003, no pet.); *Verlander Enters., Inc. v. Graham,* 932 S.W.2d 259, 261–62 (Tex.App.-El Paso 1996, no writ). The supreme court requires that strict compliance with the rules for service of citation affirmatively appear on the record in order for a default judgment to withstand direct attack. *See Primate Constr., Inc.,* 884 S.W.2d at 152. The return of service is prima facie evidence of the facts recited therein. *See id.* The rules of civil procedure allow for liberal amendment of the return of service to show the true facts of service. *See id.* (citing Tex.R. Civ. P. 118).

Accordingly, we conclude proper service is not affirmatively shown, and, therefore, there is error apparent on the face of the record. The attempted service of process on Trailwood is invalid and of no effect; the trial court acquired no personal jurisdiction over Trailwood, and the default judgment as to Trailwood is void. *See Uvalde Country Club,* 690 S.W.2d at 885; *Westcliffe, Inc.,* 105 S.W.3d at 290; *Harrison,* 589 S.W.2d at 816. We resolve the first issue in appellants' favor.

## III. INTERLOCUTORY JUDGMENT AS TO LYTLE

In their second issue, Lytle and Trailwood contend that error to Trailwood requires reversal as to both Trailwood and Lytle.

### A. Applicable Law

Rule of civil procedure 240 provides:

> Where there are several defendants, some of whom have answered or have not been duly served and some of whom have been duly served and have made default, an interlocutory judgment by default may be entered against those who have made default, and the cause may proceed or be postponed as to the others.

Tex.R. Civ. P. 240. Under rule 240, the only judgment that could have been properly rendered against a co-defendant bringing a restricted appeal, absent legal service on a co-defendant, was an interlocutory judgment *unless* there was a dismissal as to such co-defendant. *See HB & WM, Inc. v. Smith,* 802 S.W.2d 279, 282 (Tex.App.-San Antonio 1990, no writ); *Reed v. Gum Keepsake Diamond Ctr.,* 657 S.W.2d 524, 525 (Tex.App.-Corpus Christi 1983, no writ); *Neal v. Roberts,* 445 S.W.2d 58, 60 (Tex.Civ.App.-Houston [1st Dist.] 1969, no writ); *Sindorf v. Cen–Tex Supply Co.,* 172 S.W.2d 775, 776 (Tex.Civ. App.-El Paso 1943, no writ). When there are co-defendants, and the trial court did not have personal jurisdiction over one defendant, the final judgment as to all defendants must be reversed. *HB & WM, Inc.,* 802 S.W.2d at 282; *Reed,* 657 S.W.2d at 525; *Neal,* 445 S.W.2d at 60; *Sindorf,* 172 S.W.2d at 776.

### B. Discussion

We have determined that attempted service of process on Trailwood was invalid. Therefore, the first requirement of rule 240 has been met. Trailwood did not enter an appearance and was not dismissed from the suit. *See Reed,* 657 S.W.2d at 525; *Neal,* 445 S.W.2d at 60. Assuming without deciding Lytle has been duly served, he made default, and under these circumstances, applying rule 240 results in an interlocutory judgment by de-

fault for Lytle. *See HB & WM, Inc.*, 802 S.W.2d at 282; *Reed,* 657 S.W.2d at 525; *Neal,* 445 S.W.2d at 60; *Sindorf,* 172 S.W.2d at 776.

Cunningham relies on *Castano v. Foremost County Mutual Insurance Co.,* 31 S.W.3d 387, 388 (Tex.App.-San Antonio 2000, no pet.) (per curiam), to argue that the default judgment as to liability against Lytle is valid. However, *Castano* is not applicable; the default judgment there was interlocutory because it did not dispose of claims against another individual named as a defendant but without a severance order. Here, the final judgment by default disposed of Cunningham's claims against both defendants.

Pursuant to the authorities cited above, the judgment as to Lytle must be reversed because the trial court did not have personal jurisdiction over his co-defendant Trailwood. *HB & WM, Inc.,* 802 S.W.2d at 282; *Reed,* 657 S.W.2d at 525; *Neal,* 445 S.W.2d at 60; *Sindorf,* 172 S.W.2d at 776. We resolve appellants' second issue in their favor.

## IV. CONCLUSION

Having resolved the first and second issues in Lytle and Trailwood's favor, we vacate the final judgment by default and remand this cause for further proceedings. *See Wachovia Bank of Del., N.A. v. Gilliam,* 215 S.W.3d 848, 851 (Tex.2007) (per curiam). We need not address Lytle and Trailwood's issues and arguments as to other errors apparent on the face of the record regarding the execution and return and filing, lack of notice of the damages hearing, defects in the certificate of last known address, and sufficiency of the evidence as to damages. *See* TEX.R.APP. P. 47.1.