**REVERSE and REMAND; and Opinion Filed February 15, 2019.**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-18-00517-CV

**MG INTERNATIONAL MENSWEAR, INC., Appellant**
**V.**
**ROBERT GRAHAM DESIGNS LLC, Appellee**

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-05323**

## MEMORANDUM OPINION

Before Justices Myers, Molberg, and Osborne
Opinion by Justice Molberg

This is a restricted appeal from a default judgment signed by the trial court in favor of

Robert Graham Designs, LLC (RGD) against MG International Menswear, Inc. (MG) in a suit on

a sworn account and for breach of contract.[1] In its third and fourth issues, MG claims the trial

court's judgment must be overturned because the face of the record shows (1) MG was never

properly served with citation; (2) the district clerk failed to send MG proper notice of the default

judgment; and (3) RGD failed to establish its claim is liquidated rather than unliquidated.[2]

---

[1] RGD did not file an appellee's brief.

[2] MG also asserts in its first two issues that the trial court erred by rendering default judgment because MG timely filed its notice of restricted appeal, was a party to the lawsuit, did not participate in the final hearing that resulted in the default judgment, and did not file any timely post-judgment motions. Based on our resolution of MG's third and fourth issues, we need not address these arguments. *See* TEX. R. APP. P. 47.1.

Because the face of the record shows that RGD failed to establish that its claim is liquidated, we reverse the trial court's default judgment and remand the case for further proceedings consistent with this opinion.

**Background**

RGD sued MG on May 5, 2017, on a sworn account and for breach of contract. In its original petition, RGD directed service of process to be executed on Mike Ghani, MG's registered agent, at 9100 N. Central Expressway, No. 145, in Dallas, Texas 75231. RGD promptly requested issuance of citation. On May 25, 2017, RGD's private process server returned the citation unexecuted, noting on the return that "this suite is vacant and for lease."

RGD amended its petition on May 30, 2017, to add the following language relating to service of citation:

> MG INTERNATIONAL MENSWEAR INC. is a Texas corporation and has failed to maintain a Registered Agent in this state in that MEHRDAD "Mike" GHANI is indicated as the Registered Agent of Defendant in the records of the Secretary of State. Defendant's Registered Agent . . . could not be found at the registered office located at 9100 N CENTRAL EXPWY #145, DALLAS, TX 75231, despite the fact that the office of a Private Process Server of Dallas County exercised reasonable diligence by attempting to personally deliver the citation. Accordingly, the Secretary of State is the agent of Defendant for service of citation in this action.

New citation was issued for service on the secretary of state, pursuant to Texas Business Organizations Code section 5.251(1)(B) (authorizing service where "the registered agent of the entity cannot with reasonable diligence be found at the registered office of the entity"). The secretary of state returned its Whitney Certificate[3] to the district clerk on July 24, 2017, attesting

---

[3] In *Whitney v. L & L Realty Corp.*, 500 S.W.2d 94 (Tex. 1973), the plaintiff took a default judgment against the defendants after serving them via the secretary of state. The Texas Supreme Court ruled that the record before the trial court must have a certificate from the secretary of state, certifying that it had forwarded a copy of the citation to the defendant and, without such a showing, the trial court did not have jurisdiction over the defendant. *Id.* at 95. Such a certificate has become known as a Whitney Certificate.

that it had received "a copy of the Citation and Plaintiff's First Amended Original Petition with Discovery Attached" on June 14, 2017, and that a copy was forwarded, by certified mail, return receipt requested, to MG at its registered agent's office at 9100 N. Central Expressway, No. 145, Dallas, TX 75231, on June 19, 2017.[4]

Thereafter, the secretary of state returned an additional Whitney Certificate to the district clerk, which was filed of record on November 20, 2017, attesting that it had received the identical process on September 6, 2017; a copy of the process was forwarded by certified mail, return receipt requested, to MG on October 27, 2017, at a specified post office box in Dallas, Texas; and on November 10, 2017, the return receipt was received by the office of the secretary of state.[5]

MG did not file a timely answer, and the trial court signed a default judgment on December 13, 2017, awarding damages to RGD of $17,131.23, attorney's fees of $2,500, court costs, and post-judgment interest.

The district clerk sent notice of the default judgment to an address other than that set forth in RGD's certificate of last known mailing address, which was filed at the time RGD moved for default disposition.

**Analysis**

Texas Rule of Appellate Procedure 30 allows a party challenging a default judgment to seek a restricted appeal to overturn the judgment by proving that (1) the party "did not participate . . . in the hearing that resulted in the judgment," and (2) "did not timely file a postjudgment motion

---

[4] The "PROCESS" was returned to the secretary of state's office on July 12, 2017, with the notation "Returned to Sender, Attempted Not Known."

[5] The "RETURN RECEIPT" was returned to the secretary of state's office on November 10, 2017, "bearing signature."

or request for findings of fact and conclusions of law, or a notice of appeal" under appellate rule 26.1(a). Additionally, such an appeal (3) must be filed within six months after the judgment is signed, TEX. R. APP. P. 26.1(c), and (4) the error alleged by the appealing party must be apparent on the face of the record that existed at the time the default judgment was rendered. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). Only element four is implicated in this appeal.

### *Service of Process*

In its third issue, MG first complains the record affirmatively shows that RGD failed to serve MG in strict compliance with the rules relating to service of process. For a default judgment to withstand direct attack by a restricted appeal, strict compliance with the rules governing service of process must affirmatively appear on the face of the record. *See Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam). "There are no presumptions in favor of valid issuance, service, and return of service." *Id.* If the record in a restricted appeal fails to affirmatively show strict compliance with the rules of civil procedure governing service of citation, the attempted service of process is invalid and of no effect. *See Uvalde Country Club v. Martin Linen Supply Co., Inc.*, 690 S.W.2d 884, 885 (Tex. 1985). Any failure to comply with the rules renders the attempted service of process invalid, and the trial court acquires no personal jurisdiction over the defendant. *Lytle v. Cunningham*, 261 S.W.3d 837, 839–40 (Tex. App.— Dallas 2008, no pet.). A judgment based on improper service is void. *Id*.

When, as here, the defendant's registered agent cannot be found at its registered office with reasonable diligence, the plaintiff is permitted to seek substituted service on the secretary of state. *See* TEX. BUS. ORGS. CODE ANN. § 5.251(1)(B). Service of process on the secretary of state is

–4–

accomplished by delivering duplicate copies of the process and any required fee. *See id.* § 5.252. Thereafter, the secretary of state shall forward the process to the entity's most recent address on file with the secretary of state by certified mail, return receipt requested. *See id* § 5.253. The Secretary may issue a certificate of service known as a Whitney Certificate. *See supra* at n.3. "Absent fraud or mistake, the Secretary of State's certificate is conclusive evidence that the Secretary of State, as agent of [the defendant], received service of process for [the defendant] and forwarded the service as required by the statute." *Capital Brick, Inc. v. Fleming Mfg. Co., Inc.,* 722 S.W.2d 399, 401 (Tex. 1986).

MG argues the secretary of state was required to deliver the citation and petition by certified mail, return receipt requested, to the most recent address of the entity on file with the secretary of state. *See* TEX. BUS. & ORG. CODE ANN. § 5.253(b)(1), (2). There is no indication in the record that the secretary of state failed in this respect. MG also claims there is no return of service on file showing that the secretary of state was served. To the contrary, the record shows Whitney Certificates were issued by the secretary of state and filed in the clerk's record on two separate dates, each more than ten days before the default judgment was entered, as required by Texas Rule of Civil Procedure 107(h). Once either Whitney Certificate was filed, it dispensed with any further service requirements and was also conclusive proof that citation had been forwarded as required by section 5.253 of the Texas Business Organizations Code. *Campus Invs., Inc. v. Cullever*, 144 S.W.3d 464, 466 (Tex. 2004) (citing *Capitol Brick, Inc.*, 722 S.W.2d at 401); *Bank Repossessed Car Co. v. Who's Calling, Inc.*, No. 14-05-01251-CV, 2007 WL 2481168, at *2 (Tex. App.—Houston [14th Dist.] Sept. 4, 2007, no pet.) (mem. op).

The record affirmatively shows that, at the time default judgment was rendered, citation was properly served and returned. *See Campus Invs.*, 144 S.W.3d at 466.

*Clerk's Notice of Default Judgment*

MG also complains in its third issue that the default judgment is void and must be set aside because the district clerk failed to send appropriate notice of the signing of the judgment to MG's last known mailing address as provided by RDG in its certificate filed at the time it moved for a default judgment.

Texas Rule of Civil Procedure 239a requires the clerk to mail written notice of a default judgment "to the party against whom the judgment was rendered at the address shown in the certificate" that the party taking default judgment must file "[a]t or immediately prior to the time" the judgment is rendered. Failure to provide such notice "shall not affect the finality of the judgment." *Id*.

Here, the clerk sent notice of the default judgment to an address that was different from that contained in the RGD's rule 239a certificate of last known mailing address. In other words, the clerk's notice was tantamount to no notice at all. While this fact may assist MG in a later-filed bill of review proceeding (*see, e.g., Grayson Fire Extinguisher Co., Inc. v. Jackson*, 566 S.W.2d 321, 323 (Tex. App.—Dallas, 1978, no writ)), it is of no assistance here. A clerk's failure to comply with rule 239a does not entitle a party to relief on a restricted appeal under Texas Rule of Appellate Procedure 30. *See, e.g., Campbell v. Fincher*, 72 S.W.3d 723, 724–25 (Tex. App.—Waco 2002, no pet.).

We resolve MG's third issue against it.

*Liquidated v. Unliquidated Damages*

Finally, in its fourth issue, MG claims that on the face of the record RGD's claim was not liquidated under Texas Rule of Civil Procedure 241 because the written instrument provided to calculate damages under rule of civil procedure 185 (the sworn account claim) is insufficient, and that it is likewise insufficient on RGD's breach of contract claim. This, MG argues, prevents a court from entering a final default judgment.

A claim is liquidated if the amount of damages may be accurately calculated from the factual, as opposed to the conclusory, allegations in the petition and the written instruments. *See Argyle Mech., Inc. v. Unigus Steel, Inc.*, 156 S.W.3d 685, 687 (Tex. App.—Dallas 2005, no pet.). *See also Sherman Acquisition II LP v. Garcia*, 229 S.W.3d 802, 809 (Tex. App.—Waco 2007, no pet.). When a claim is liquidated, as proved by written instrument, no further proof of damages is necessary prior to the entry of a default judgment. TEX. R. CIV. P. 241. In contrast, where such proof is lacking, the trial court is required to take evidence on damages. TEX. R. CIV. P. 243.

A suit on a sworn account is governed by rule of civil procedure 185. Rule 185 is not a rule of substantive law, but is a rule of procedure with regard to evidence necessary to establish a prima facie right of recovery. *Rizk v. Fin. Guardian Ins. Agency, Inc.*, 584 S.W.2d 860, 862 (Tex. 1979); *Abuzaid v. Modjarrad & Assocs.*, No. 05-16-00777-CV, 2017 WL 5559591, at *7 (Tex. App.—Dallas Nov. 14, 2017, no pet.) (mem. op.); *see also* Tex. R. Civ. P. 185. To prove a sworn account, a plaintiff must show that (1) there was a sale and delivery of merchandise or performance of services, (2) the amount or prices were either charged in accordance with an agreement or were customary and reasonable, and (3) the amount is unpaid. *Parillo v. Kofahl Sheet Metal Works, Inc.*, No. 05-15-01037-CV, 2016 WL 3547965, at *3 (Tex. App.—Dallas June 28, 2016, no pet.)

(mem. op.); *see also Peerless Indem. Ins. Co. v. GLS Masonry, Inc*., No. 05-16-00875-CV, 2018 WL 3491045, at *7 (Tex. App.—Dallas July 20, 2018, no pet.) (mem. op.).

Here, RGD's amended petition states, with respect to its sworn account claim, that a contract to purchase products was entered into by the parties, RGD thereafter provided goods to MG, and "all of the goods were not paid for."  RGD then cites to Exhibit "A" as a systematic record of "an account covering certain products sold by [RGD to MG]."  Exhibit "A" contains a single page with several entries, none of which clearly identifies the items constituting the account.  Nor does Exhibit "A" indicate that the amounts listed thereon are unpaid.  The accompanying "Sworn Account Affidavit," signed by RGD's credit manager, merely proves up Exhibit "A" as a business record and, without more, avers in conclusory fashion that GM owes RGD "$17,131.23 plus interest."  Neither a contract nor invoices are attached.

The allegations in both the petition and the written instrument are merely conclusory.  The information provided by RGD is less than that found insufficient to sustain a judgment in *Haecker v. Santa Rosa Medical Center,* 609 S.W.2d 879, 880 (Tex. App.—San Antonio, 1980, no writ) ("account must show upon its face with reasonable certainty the nature of each item sold, the date of each sale and the reasonable charges therefor"); and  *Howard v. Weisberg*, 583 S.W.2d 920, 921–22 (Tex. App.—Dallas, 1979, no writ) (must identify types of services or items sold).  RGD's breach of contract claim stumbles on the same analysis.  *See Collins Fin. Servs., Inc. v. Guerrero*, No. 05-07-01732-CV, 2009 WL 3032479, at *2 (Tex. App.—Dallas Sept. 24, 2009, pet. denied) (mem. op.).

The face of the record at the time the trial court signed the default judgment failed to establish RDG's claim was liquidated.  Therefore, the trial court was required to take evidence on

the issue of damages before rendering a final default judgment.  We resolve MG's fourth issue in its favor.

## Conclusion

We reverse the trial court's default judgment and remand the case to the trial court for further proceedings consistent with this opinion.

/Ken Molberg/
KEN MOLBERG
JUSTICE

180517F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MG INTERNATIONAL MENSWEAR,
INC., Appellant

No. 05-18-00517-CV          V.

ROBERT GRAHAM DESIGNS LLC,
Appellee

On Appeal from the 160th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-17-05323.
Opinion delivered by Justice Molberg.
Justices Myers and Osborne participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent
with this opinion.

It is **ORDERED** that appellant MG INTERNATIONAL MENSWEAR, INC. recover its
costs of this appeal from appellee ROBERT GRAHAM DESIGNS LLC.

Judgment entered this 15th day of February, 2019.