

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00246-CV

_____

PRISCILLA WYATT, Appellant

V.

ANISSA DELAINE DEAL, AS INDEPENDENT EXECUTOR OF THE ESTATE
OF SYDNEY B. WYATT, Appellee

---

On Appeal from the County Court
Hood County, Texas
Trial Court No. P-08376

---

Before Pittman, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Pittman

## MEMORANDUM OPINION

In two issues, Appellant Priscilla Wyatt (Priscilla) challenges the trial court's no-answer default judgment against her in favor of Appellee Anissa Delaine Deal, as Independent Executor of the Estate of Sydney B. Wyatt (Anissa). In her first issue, Priscilla asserts that the trial court erred in granting the default judgment due to lack of a proper service return. In her second issue, Priscilla asserts that the default judgment should be reversed due to lack of evidence supporting the damages and attorney's fee award. For the reasons set forth below, we need only address the first issue and reverse the judgment below and remand to the trial court for further proceedings.

### BACKGROUND

### I. Anissa Files a Probate Application for Her Father's Will and Sues Priscilla in the Same Proceeding.

Sydney B. Wyatt died in September 2017. On November 2, 2017, his daughter, Anissa, applied in the County Court of Hood County, Texas to probate a will for Mr. Wyatt dated April 2012. The county court admitted the will to probate under Cause Number P-08376.

In January 2018, Anissa, now independent executor of her father's estate, moved to transfer the proceeding to a statutory probate court judge because she was "preparing to file suit against the Decedent's spouse for breach of fiduciary duty" and other claims. The case was assigned to Judge Oswin Chrisman.

2

On February 12, 2018, Anissa filed an original petition against Priscilla, Mr. Wyatt's wife at the time of his death, asserting claims of breach of fiduciary duty, money had and received, and declaratory judgment. Anissa's petition was also filed in Cause Number P-08376.

On February 15, 2018, Anissa filed a service return for her original petition. The return indicated that service had been made on Priscilla that morning. An individual named Gary Cooper signed the return in the section titled "Sheriff's Return." Above the signature line appeared the text "Constable, County Sheriff[,] or Authorized [P]erson," with the words "Constable" and "County Sheriff" crossed out. The identifier "Deputy" was typed underneath the signature line but had also been crossed out.

On February 26, 2018, Anissa filed a second service return, also by an individual named Gary Cooper. The section labeled "Officer's Return" had the words "Sheriff, Constable[,] or Authorized Person" with the words "Sheriff" and "Constable" crossed out.[1]

---

[1]For ease of reference, the service return filed on February 15, 2018 and the service return filed on February 26, 2018 will be collectively referred to as "the service returns."

## II.     Priscilla Files Her Own Probate Application in a New Proceeding.

In March 2018, Priscilla applied to probate a will for Mr. Wyatt dated March 2013.[2]  She filed the application in the County Court of Hood County, Texas, and the proceeding was assigned Cause Number P-08448.  It was also assigned to Judge Chrisman.  In response, Anissa filed a contest to this will.  Importantly, Cause Number P-08376 and Cause Number P-08448 were never consolidated, and Priscilla never filed an answer in Cause Number P-08376.

## III.     The Trial Court Denies Priscilla's Probate Application and Grants Default Judgment on Anissa's Claims Against Priscilla.

On May 8, 2018, Judge Chrisman held a hearing in Cause Number P-08448 at which he considered Priscilla's probate application.  After the testimony of Priscilla, Anissa, and a handwriting expert testifying for Anissa, Judge Chrisman orally ruled that Priscilla failed to prove up the validity of Mr. Wyatt's March 2013 will and that he was dismissing her application.  The judge then stated, "We are dismissed.  Now, do we need to hear anything else?"  Priscilla's attorney stated,

> Just one last thing.  There is still the probate matter in P-08376.  We filed a probate.  Subsequently, there was a petition filed in that under that cause number.  We would ask the Court for leave to file a response in that case.  These are separate issues.

Anissa's attorney replied,

---

[2]Priscilla originally applied to probate a will dated May 14, 2012.  In that same month, she amended her application to seek probate of a March 4, 2013 will.

4

[Priscilla is] here today and no answer has been filed in the ancillary case. I'd like to make a default—request a default judgment in cause number P-08376 regarding the breach of fiduciary duty and the declaratory judgment avoiding the deeds that were filed in multiple counties and requesting monetary relief.

Judge Chrisman noted that there was an ongoing administration of Mr. Wyatt's estate (under Mr. Wyatt's April 2012 will submitted by Anissa in Cause Number P-08376) and that while Priscilla could later apply to submit a different will to probate if she wanted, "[t]he Court is not inclined to grant a leave of absence—a leave at this point for you to file any additional pleadings in this regard."

Priscilla's attorney responded that he had been told that the two cases had been consolidated but that he had not received a consolidation order, and that he believed that Priscilla's probate application "stayed whatever was occurring in the other one until such time as the [trial c]ourt made a decision." Judge Chrisman replied that Priscilla's probate application had been dismissed and that there was an ongoing administration of Mr. Wyatt's estate.

The parties then had this exchange:

> [Anissa's attorney]: There is a lawsuit for breach of fiduciary duty.
>
> THE COURT: So I suggest that if you have some other will you wish to submit for probate, then that needs to be done by appropriate form.
>
> [Priscilla's attorney]: We'll do that, Your Honor.
>
> . . . .

5

[Anissa's attorney]: I would like to file this [Non-military Affidavit] in the earlier cause number, Your Honor, and take a default judgment in that breach of fiduciary duty case.

[Priscilla's attorney]: Your Honor, may we be excused?

THE COURT: Well, I have been handed a default judgment in cause P-08376. Do you care to speak to that matter?

[Priscilla's attorney]: I did, Your Honor. I objected to it and asked for leave of court to file an answer in that case because—

THE COURT: And I overruled that.

[Priscilla's attorney]: —the two cases, I was told, were consolidated, but we never received an order actually consolidating them.

[Anissa's attorney]: There was no motion filed to consolidate, and this is the third time this matter has been set. You failed to appear the first time this was set—

[Priscilla's attorney]: Well, I was aware that the Court sua sponte could consolidate a case.

THE COURT: No answer having been filed, the default judgment is granted.

[Anissa's attorney]: Thank you, Your Honor.

That same day, Judge Chrisman, without hearing any damages evidence, signed a default judgment against Priscilla in Cause Number P-08376, awarding Anissa unliquidated damages of $500,000; decreeing void several deeds that Priscilla executed under a power of attorney; ordering that the $249,000 that Priscilla received for the sale of certain property be held in a constructive trust for Anissa's benefit; and awarding Anissa, as independent executor, $5,000 in attorney's fees, plus conditional

6

appellate fees (the Default Judgment). Later that month, Judge Chrisman signed an order denying Priscilla's probate application in Cause Number P-08448.

On June 1, 2018, Priscilla filed a motion for new trial in Cause Number P-08376, which the court denied on July 10, 2018 after holding a hearing on the motion the same day.

## DISCUSSION

### I. A Default Judgment Is Void if Service of Process Is Invalid.

When a defendant has not answered a lawsuit, a trial court acquires jurisdiction over the defendant only through proof of proper service. *See* Tex. R. Civ. P. 107 (prohibiting rendition of default judgment unless proof of proper service or process and return, whether in compliance with governing rules or as ordered by court, have been on file for ten days); *Livanos v. Livanos*, 333 S.W.3d 868, 874 (Tex. App.—Houston [1st Dist.] 2010, no pet.) ("A claim of a defect in service of process challenges the trial court's personal jurisdiction over the defendant."). For a default judgment to be properly rendered, the record must affirmatively show that, at the time default was entered, citation was properly served or the defendant waived service. *Garcia v. Ennis*, 554 S.W.3d 209, 214 (Tex. App.—Fort Worth 2018, no pet.); *Marrot Commc'ns, Inc. v. Town & Country P'ship*, 227 S.W.3d 372, 378 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). Therefore, to withstand a direct attack on a default judgment, a party obtaining a default judgment must demonstrate that it complied

7

with the rules for service of citation. *Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 256 (Tex. 2009); *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994).

There is no presumption in favor of proper issuance, service, and return of citation. *Primate Constr.*, 884 S.W.2d at 152; *Lytle v. Cunningham*, 261 S.W.3d 837, 841 (Tex. App.—Dallas 2008, no pet.). If the record fails to affirmatively show strict compliance with the rules of civil procedure governing issuance, service, and return of citation, there is error apparent on the face of the record and attempted service of process is invalid and of no effect. *Lytle*, 261 S.W.3d at 840; *accord Lejeune*, 297 S.W.3d at 255 (stating that the Texas Supreme Court has required for over a century that strict compliance with the rules for service of citation affirmatively appear on the record for a default judgment to withstand direct attack). When the attempted service of process is invalid, the trial court acquires no personal jurisdiction over the defendant, and the default judgment is **void**. *Lytle*, 261 S.W.3d at 840; *see Mandel v. Lewisville Indep. Sch. Dist.*, 445 S.W.3d 469, 474 (Tex. App.—Fort Worth 2014, pet. denied). Whether service strictly complied with the rules is a question of law that this court reviews de novo. *See Offshore Express, Inc. v. Klein Investigations & Consulting*, No. 09-17-00333-CV, 2018 WL 6542502, at *3 (Tex. App.—Beaumont Dec. 13, 2018, no pet.) (mem. op.); *Furst v. Smith*, 176 S.W.3d 864, 869–70 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

**II.     Service of Process on Priscilla Was Defective.**

In her first issue, Priscilla directly attacks the Default Judgment and contends that the trial court erred in granting it because there was no proper service return. In response, Anissa contends that Priscilla waived service of process.

**A.     The Service Returns on Priscilla Did Not Comply with Texas Estates Code Requirements.**

Pursuant to the Texas Estates Code, in counties such as Hood County where there is no statutory probate court, a matter related to a probate proceeding includes "a claim brought by a personal representative on behalf of an estate." Tex. Est. Code Ann. § 31.002(a)(3). In such cases, as here, personal service on a person located in state must be undertaken by "the **sheriff or constable**." *Id.* § 51.051(b) (emphasis added).

Examining the record before us, the service returns strike out the words "sheriff" and "constable," and are evidence that Gary Cooper, the person who effected service, was neither a sheriff nor a constable. *See Le Nguyen v. Lopez*, No. 07-15-00128-CV, 2018 WL 4225010, at *2 n.2 (Tex. App.—Amarillo Sept. 5, 2018) (examining service return and noting that "[t]he words 'Constable' and 'Sheriff' contained interlineations or strike-marks. These interlineations indicate that the person who allegedly served process was neither a constable nor a sheriff."), *modified on other grounds*, No. 07-15-00128-CV, 2018 WL 5093286 (Tex. App.—Amarillo Oct. 18, 2018, no pet.) (mem. op. on reh'g). Accordingly, the record does not affirmatively

show that the service returns comply with Texas Estates Code section 51.051(b). *See* Tex. Est. Code Ann. § 51.051(b); *cf. Frazier v. Dikovitsky*, 144 S.W.3d 146, 149 (Tex. App.—Texarkana 2004, no pet.) ("Virtually any deviation from the statutory requisites for service of process will **destroy** a default judgment." (emphasis added)).

**B.     The Service Returns Did Not Comply with Requirements of the Texas Rules of Civil Procedure.**

Even if service requirements found in Texas Estates Code section 51.051(b) did not apply in this case, the service returns on Priscilla are defective pursuant to the requirements of the Texas Rules of Civil Procedure.  As this court recently stated, "Strict compliance with the rules governing issuance, service, and return of citation is mandatory." *Garcia*, 554 S.W.3d at 213–14 (citing *Primate Constr.*, 884 S.W.2d at 152). "Failure to affirmatively show strict compliance with the rules of civil procedure renders the attempted service of process invalid and of no effect." *Id.* (citing *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985)); *see In re Z.J.W.*, 185 S.W.3d 905, 908 (Tex. App.—Tyler 2006, no pet.) ("We iterate that 'strict compliance' means **literal compliance** with the rules." (emphasis added)).

Rule 107(e) of the Texas Rules of Civil Procedure expressly provides, "The officer or authorized person who serves or attempts to serve a citation must sign the return.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return must either be verified or be signed under penalty of perjury." Tex. R. Civ. P. 107(e).

10

As previously described, the service returns contain strike-marks through the words "constable" and "sheriff"—indicating that Gary Cooper, the person who effected service, was neither a constable nor a sheriff. Here, neither service return is verified or signed under penalty of perjury by Gary Cooper as required by Rule 107(e). Moreover, Rule 107(b)(10) mandates that if the person serving process is a private process server authorized by the Supreme Court, the return must include the identification number and expiration date of the process server's authorizing certificate. *See* Tex. R. Civ. P. 107(b)(10). However, this information is wholly absent from both service returns. Accordingly, the service returns also fail to comply with the Texas Rules of Civil Procedure. *See Le Nguyen*, 2018 WL 4225010, at *4 ("Without proof of lawful service or strict compliance with the rules of procedure, the default judgment must be reversed.").

## C. Priscilla Did Not Waive Service.

In response, Anissa does not dispute that the record clearly demonstrates that the service returns were deficient, rather she contends that Priscilla waived defective service because she had actual notice of the lawsuit in which the Default Judgment was entered and she generally appeared in the hearing before the trial court in which the challenged Default Judgment was rendered. This argument is without merit.

*First*, the argument that because Priscilla had actual notice of Cause Number P-08376 and thus waived service is unavailing. It is well established that "[a]ctual notice to a defendant, without proper service, is not sufficient to convey upon the court

jurisdiction to render default judgment against him." *Offshore Express*, 2018 WL 6542502, at * 3 (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990); *Harrell v. Mex. Cattle Co.*, 11 S.W. 863, 865 (Tex. 1889)).

*Second*, the argument that Priscilla—despite not answering—entered into a general appearance in Cause Number P-08376 when her attorney asked at the May 8, 2018 hearing in Cause Number P-08448 to file an answer in Cause Number P-08376 is creative but ultimately equally unavailing. Anissa is correct that Texas Rule of Civil Procedure 120 provides that a defendant may, "in person, or by attorney, or by his duly authorized agent, enter an appearance in open court" and that "[s]uch appearance shall be noted by the judge upon his docket and entered in the minutes, and shall have the same force and effect as if the citation had been duly issued and served as provided by law." Tex. R. Civ. P. 120. Anissa is also correct that "a party enters a general appearance when it (1) invokes the judgment of the court on any question other than the court's jurisdiction, (2) recognizes by its acts that an action is properly pending, or (3) seeks affirmative action from the court." *Exito Elecs., Co. v. Trejo*, 142 S.W.3d 302, 304 (Tex. 2004). But, in this case, Priscilla did not make any appearance in Cause Number P-08376, the lawsuit in which the Default Judgment was entered. The only lawsuit Priscilla or her lawyer appeared in was Cause Number P-08448, Priscilla's own lawsuit.

Indeed, the record before this court could not be any clearer. As the trial court stated at the May 8, 2018 hearing in Cause Number P-08448,

12

> The case today is the application by the applicant Priscilla Gaye Wyatt for the probate of a will presented to the Court under cause number P-08448 . . . and, after due notice, the application for probate was set for this afternoon at one p.m. The parties have appeared . . . .

Moreover, this Court has located no court decision or secondary authority for the incongruous proposition that an appearance in one lawsuit and a request to file an answer in another lawsuit is sufficient to be deemed a general appearance waiving a default judgment obtained by undisputedly deficient service.

In summary, we hold that the Default Judgment was improper because the record fails to reflect strict compliance with the service of process rules. As explained herein, the irrefutable improper service returns render the Default Judgment void. *See Offshore Express*, 2018 WL 6542502, at *4 ("[T]he record does not show strict compliance with the Texas Rules of Civil Procedure for service of process and return of service. . . . [W]e conclude that the trial court erred in rendering a default judgment."); *see also Webb v. Oberkampf Supply of Lubbock, Inc.*, 831 S.W.2d 61, 64 (Tex. App.—Amarillo 1992, no writ) ("A default judgment cannot withstand direct attack by a defendant who complains that he was not served in strict compliance with applicable requirements. Failure to affirmatively show strict compliance with the rules of civil procedure renders the attempted service of process invalid and of no effect.").

We sustain Priscilla's first issue on appeal without any need for this Court to reach her second issue. *See* Tex. R. App. P. 47.1.[3]

## CONCLUSION

Because we sustain Priscilla's first issue on appeal, we reverse the Default Judgment and remand this case to the trial court for proceedings consistent with this opinion.

/s/ Mark T. Pittman
Mark T. Pittman
Justice

Delivered: June 6, 2019

---

[3]Because we conclude that the Default Judgment was improper because the record fails to reflect strict compliance with the service of process rules, we need not address the familiar factors set forth in *Craddock v. Sunshine Bus Lines*, 133 S.W.2d 124, 126 (Tex. [Comm'n Op.] 1939). *See Fid. & Guar. Ins. v. Drewery Constr. Co.*, 186 S.W.3d 571, 574 (Tex. 2006) (*Craddock* factors must be met only if the defendant against whom a default judgment was entered was properly served but did not appear).