**Reversed and Remand; Opinion Filed January 20, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-19-01146-CV**

**AKASHDEEP SINGH, Appellant**
**V.**
**JASMIN GILL, Appellee**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-52447-2019**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Partida-Kipness
Opinion by Justice Partida-Kipness

Akashdeep Singh appeals the final divorce decree issued by the trial court in his absence. Singh contends the trial court lacked personal jurisdiction over him because appellee Jasmin Gill's attempted substituted service did not strictly comply with the rules of civil procedure. Alternatively, Singh contends the trial court abused its discretion in granting divorce on the basis of fraud. We reverse the trial court's final divorce decree and remand the case for a new trial.

# BACKGROUND

Singh and Gill were married on December 12, 2016, and separated on March 30, 2019. Gill filed for divorce on April 22, 2019, listing discord or conflict of personalities, cruel treatment, and fraud as grounds for divorce. Gill specifically alleged that Singh "entered into the marriage for financial purposes and to gain legal permanent resident status."

On June 14, 2019, Gill filed a motion for substituted service. In the motion, Gill alleged that she and her attorney had unsuccessfully attempted to locate Singh. Gill asked the trial court to order substituted service by eService under rule of civil procedure 106(b). Gill attached two affidavits to her motion: hers and her attorney's. In her affidavit, Gill stated:

> I cannot find Respondent. I do not know where he currently lives or works, or if he is even in Texas.
>
> Respondent has no family in the United States. Respondent's entire immediate family lives in India. To my knowledge, all extended family members of Respondent live in India. I do not know their addresses. By telephone they have refused to provide one to me.
>
> I do not know any friends or acquaintances of Respondent who live in the United States.
>
> I do not know of any location where Respondent can be served.
>
> I have attempted to contact Respondent at his former phone number and email address and have received no response.
>
> I have attempted to contact his family members for his current address and contact information and no one will provide any information about his whereabouts.

My husband's last known address is the home where I currently reside with my parents and two younger siblings . . . .

\*\*\*

On March 31, 2019, Respondent packed his personal belongings and left our home with no word to me or my family.

Since that day, Respondent has not returned to our home.

Gill's attorney stated:

My office was able to contact Respondent by phone . . . and by email . . . .

On April 22, 2019, I emailed to Respondent the file stamped Petition and a Waiver of Service.

On April 25, 2019, two separate phone calls between myself and Respondent took place where Respondent verbally confirmed to me in English his correct email address as listed above. I asked him to provide me a location to personally deliver service and he refused.

On April 25, 2019, following the two phone conversations I re-sent the same email to the same email address as confirmed with the file stamped Petition and a Waiver of Service attached. I followed up with seven separate phone calls over the next five days, all of which went unanswered.

On April 30, 2019, I called Respondent from an alternative phone number and he answered.

Through an interpreter in my office speaking to Respondent in Hindi, Respondent verbally refused to provide an address for him or any family member, and he refused to accept service.

The trial court granted Gill's motion and ordered Gill to serve Singh at his known e-mail address via eService. Gill served Singh in accordance with the trial court's order on June 24, 2019.

The trial court conducted a prove-up hearing and issued a final decree on July 16, 2019. Singh did not attend the hearing. At the prove-up hearing, Gill testified that she had obtained a protective order against Singh before she filed for divorce because of his cruel treatment and threats toward her. She also testified that immediately after Singh obtained his "green card" in March 2019, he moved out after threatening the safety of Gill and her immediate family. Gill testified that Singh had not attempted to contact her and she did not know his whereabouts.

Singh filed a verified, combined motion to vacate the final decree and motion for new trial. In his motion, Singh contended that he first became aware of Gill's petition when Gill's attorney e-mailed him a copy of the petition on April 23, 2019. Singh claimed, however, that the e-mail went to his "spam" folder, which he checked a few days later. He claimed that he refused to sign the waiver of service because he did not agree with the grounds alleged in Gill's petition. He contended that he first discovered the trial court had issued a decree in his absence when he found a copy of the decree in his "spam" e-mail folder. Singh stated further that he did receive a copy of the citation and petition by mail, but the parcel was returned to the sender when he failed to retrieve it. Singh did not indicate when the citation and petition were sent, and neither affidavit attached to Gill's motion for substituted service indicates that Gill ever attempted to serve Singh by mail. Finally, Singh claimed that his failure to answer was accidental and the result of mistake, and that he would have responded timely if he had known that he had been served. The trial

court did not rule on his motion, which was denied by operation of law. This appeal followed.

## ANALYSIS

In his first issue, Singh contends the trial court's final decree is void because the trial court never acquired personal jurisdiction over him. According to Singh, the substituted service was defective because Gill's motion failed to comply with rule of civil procedure 106(b). Specifically, Singh contends the affidavits attached to the motion failed to set forth facts demonstrating that Gill unsuccessfully attempted to serve him by personal service or certified mail. He also asserts that substituted service was attempted by an interested party, Gill's attorney, in violation of rule 103.

Gill contends that Singh failed to preserve error by raising the issue in his motion for new trial. We disagree. A party may complain of defective service of citation for the first time on appeal. *Wilson v. Dunn*, 800 S.W.2d 833, 837 (Tex. 1990); *Garduza v. Castillo*, No. 05-13-00377-CV, 2014 WL 2921650, at *3 (Tex. App.—Dallas June 25, 2014, no pet.) (mem. op.). Thus, we address the merits of Singh's first issue.

For a default judgment to withstand direct attack, strict compliance with the rules governing service of process must affirmatively appear on the face of the record. *See Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam); *Lytle v. Cunningham*, 261 S.W.3d 837, 839–40 (Tex. App.—Dallas 2008,

–5–

no pet.). If the record fails to show strict compliance with the rules of civil procedure governing issuance, service, and return of citation, then the attempted service of process is invalid and of no effect. *Lytle*, 261 S.W.3d at 840; *Garrels v. Wales Transp.*, 706 S.W.2d 757, 758 (Tex. App.—Dallas 1986, no pet.); *see also Wilson*, 800 S.W.2d at 836 ("Actual notice to a defendant, without proper service, is not sufficient to convey upon the court jurisdiction to render default judgment against him."). When the attempted service of process is invalid, the trial court does not acquire personal jurisdiction over the defendant, and the default judgment is void. *Lytle*, 261 S.W.3d at 840; *see generally* TEX. R. CIV. P. 124. There are no presumptions favoring valid issuance, service, and return of citation in the face of a direct attack on a default judgment. *Primate Constr., Inc.*, 884 S.W.2d at 152; *Wilson*, 800 S.W.2d at 836.

Because Gill obtained a no-answer default final decree by substituted service, she had the burden to show Singh was served in the manner required by the applicable rule or statute. *See Dolly v. Aethos Commc'ns Sys., Inc.*, 10 S.W.3d 384, 388 (Tex. App.—Dallas 2000, no pet.). Virtually any deviation will be sufficient to set aside a default judgment on appeal. *Id.*; *see also LaRose v. REHJ, Inc.*, No. 05-17-01348-CV, 2018 WL 6521804, at *3 (Tex. App.—Dallas Dec. 12, 2018, no pet.) (mem. op.). Strict compliance is particularly important when substituted service is issued under rule 106(b). *Dolly*, 10 S.W.2d at 388.

–6–

Under Rule 106, when service of process by personal delivery or by certified mail is unsuccessful, the trial court may, "upon motion supported by affidavit," authorize alternative methods of service. TEX. R. CIV. P. 106(b). The motion must be supported by an affidavit "stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found," and stating the specific facts showing that traditional service has been attempted "at the location named in such affidavit but has not been successful." *Id*. Upon such a showing, the trial court may authorize service: (1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit (the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found); or (2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit. *Id*.

An affidavit supporting a motion for substituted service under rule 106(b) must state "specifically the facts showing that service has been attempted" by means specified in rule 106(a) "at the location named in such affidavit." *Id*. Gill's affidavit stated only that Gill did not know where Singh could be found. Her attorney's affidavit recounted e-mail and telephone conversations with Singh in which he refused to provide his location. Neither affidavit, however, stated facts showing that service under rule 106(a) had been attempted. *See id*; *Harrison v. Dallas Court Reporting Coll., Inc.*, 589 S.W.2d 813, 815 (Tex. Civ. App.—Dallas 1979, no writ)

–7–

(process server's affidavit not showing how many attempts at service were made or the times at which service was attempted was inadequate to support substituted service); *Coronado v. Norman*, 111 S.W.3d 838, 842 (Tex. App.—Eastland 2003, pet. denied) (affidavit failing to state dates and times service was attempted is insufficient to support substituted service); *see also In re J.M.I.*, 223 S.W.3d 742, 745 (Tex. App.—Amarillo 2007, no pet.) (affidavit merely detailing respondent's attempts to avoid service was inadequate to support substituted service).

Moreover, the affidavits do not exhibit the diligence necessary to support substituted service. "[I]f personal service can be effected by the exercise of reasonable diligence, substituted service is not to be resorted to." *In re E.R.*, 385 S.W.3d 552, 564 (Tex. 2012) (quoting *Sgitcovich v. Sgitcovich*, 241 S.W.2d 142, 147 (1951)). "A diligent search must include inquiries that someone who really wants to find the defendant would make, and diligence is measured not by the quantity of the search but by its quality." *Id.* at 565. Here, there is no indication that Gill's diligence included searching public data or "'obvious inquiries' a prudent investigator would have made," such as attempting service by mail to obtain a forwarding address or locating and contacting other persons who would likely have information about Singh, beyond Singh's immediate family in India. *Id.* (citing *In the Interest of S.P.*, 672 N.W.2d 842, 848 (Iowa 2003), for list of "obvious inquiries"). Consequently, we conclude the affidavits in support of Gill's motion for substituted service failed to meet the requirements of rule 106(b) and the trial

court improperly ordered substituted service.  *See Dolly*, 10 S.W.3d at 388. Accordingly, we sustain Singh's first issue.

Singh contends in his second issue that the trial court abused its discretion in granting the divorce on the basis of fraud.  Having sustained his first issue, however, we conclude that the trial court lacked personal jurisdiction over Singh, and we need not address Singh's second issue.

## CONCLUSION

Because Gill's motion for substituted service failed to meet the requirements of rule 106(b), the trial court improperly ordered substituted service and did not obtain personal jurisdiction over Singh.  Accordingly, we reverse the trial court's final decree of divorce and remand the case for a new trial.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

191146F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

AKASHDEEP SINGH, Appellant

No. 05-19-01146-CV          V.

JASMIN GILL, Appellee

On Appeal from the 416th Judicial District Court, Collin County, Texas Trial Court Cause No. 416-52447-2019.
Opinion delivered by Justice Partida-Kipness. Justices Schenck and Osborne participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for a new trial.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 20th day of January, 2021.